GUADALUPE, SABINA Y FRANCISCO ANAYA, demandantes y apelados, *v.* SUCN. DE HARRY A. MCCORMICK HARTMAN, ET ALS., demandados y apelantes.

No. 6126.—*Sometido:* Junio 13, 1933. *Resuelto:* Noviembre 24, 1933.

R. H. *Blondet,* abogado de Hortensia Dalmáu de McCormick, apelante; *Luis Muñoz Morales,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En abril de 1930 los demandantes obtuvieron sentencia en un pleito de filiación iniciado contra un gran número de demandados, que por información y creencia se alegaba constituían los herederos testamentarios y legatarios de Harry A. McCormick Hartman. Eduardo Otto McCormick Hartman y sus menores hijos, Hortensia, Eduardo, William, Josefina y Dolores McCormick Dalmáu fueron algunos de los demandados designados en la demanda. Durante el curso del juicio el letrado de éstos y de todos los demás demandados, a excepción de una, anunció que su oposición había sido meramente técnica y que en vista de la evidencia presentada por los demandantes ellos se allanarían a la demanda de éstos y no harían defensa ulterior alguna. La demandada que no abandonó su defensa apeló de la sentencia dictada, mas abandonó su recurso en mayo de 1931.

En moción radicada en mayo de 1932, Hortensia Dalmáu de McCormick alegó que Harry A. McCormick Hartman falleció el día 17 de octubre de 1927, habiendo instituído herederos, entre otros, a sus sobrinos, hijos de don Eduardo Otto McCormick y Hortensia Dalmáu de McCormick, entre los cuales le sucedió uno de estos sobrinos, Jorge McCormick Dalmáu; que Jorge McCormick Dalmáu falleció el día 4 de febrero de 1928 y que en febrero de 1930 sus padres, Eduardo Otto McCormick y Hortensia Dalmáu de McCormick, fueron declarados sus herederos universales; que ni Hortensia Dalmáu de McCormick ni Jorge McCormick Dalmáu habían sido hechos demandados o emplazados en el pleito de filiación; que se había dictado sentencia en dicho pleito sin jurisdicción y sin el debido proceso de ley; y que la citada Hortensia Dalmáu de McCormick tenía derecho a ser oída, y deseaba serlo, en defensa de sus derechos; y que ella había explicado a su abogado todos los hechos relacionados con el caso y éste le había manifestado, basado en el estudio que del mismo había hecho, que ella tenía una buena, justa y razonable defensa. En vista de esto, Hortensia Dalmáu de McCormick solicitó que se dejara sin efecto la

sentencia y que se le permitiera aducir las alegaciones que estimare pertinentes en defensa de sus derechos. El presente recurso fué interpuesto contra la resolución que declaró sin lugar esta moción.

■■ El pleito de filiación fué iniciado en abril de 1923, después de ocurrida la muerte de Jorge McCormick Dalmáu y unos dos años antes de que se hiciera la declaración de herederos en favor de sus padres. Esta declaración de herederos fué obtenida unos dos meses antes de que se dictara sentencia en el pleito de filiación. La moción para que se dejara sin efecto esa sentencia, radicada más de dos años después de dictarse la misma, fué suscrita por el mismo letrado que a nombre de Eduardo Otto McCormick y sus hijos había anunciado en corte abierta que ellos no tenían defensa alguna. En ausencia de algo que demuestre que Hortensia Dalmáu McCormick estuviera en mejor posición que su marido y sus hijos o que su abogado estuviese equivocado en la conclusión a que llegara como letrado de su marido y de sus hijos al efecto de que ellos no tenían defensa alguna, la súplica final de la moción, redactada en la fraseología corriente de un *affidavit* de méritos, deja mucho que desear. Si ella realmente deseaba tener la oportunidad de ser oída en defensa de sus derechos, nada había que la impidiera acudir a la corte en solicitud de permiso para intervenir en cualquier momento durante el largo período de tiempo que transcurrió entre la fecha en que se inició el pleito y el momento del juicio. La moción, si se le considera como una solicitando permiso para intervenir, fué, desde luego, radicada demasiado tarde, toda vez que se había dictado sentencia.

De todos modos, asumiendo para los fines de la argumentación que la apelante fuera una parte necesaria y que la sentencia fuera enteramente nula, la moción para que se dejara sin efecto la sentencia se dirigió a la sana discreción de la corte de distrito, y, bajo las circunstancias arriba reseñadas, no hallamos que se cometiera abuso de tal discreción.

Cuanto hemos dicho resuelve los señalamientos primero

y segundo. El alegato de los apelados contiene una respuesta suficiente al tercero y cuarto.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Señor Wolf está conforme con el resultado.